1  DOUGLAS A. WINTHROP (No. 183532)
   douglas.winthrop@aporter.com
2  ARNOLD & PORTER LLP
   Three Embarcadero Center, 10th Floor
3  San Francisco, California 94111-4024
   Telephone: 415.471.3100
4  Facsimile: 415.471.3400

5  Attorneys for Plaintiff
   FN CELLARS, LLC, a Delaware limited liability
6  company

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | FN CELLARS, LLC, a Delaware limited liability company, | Case No. |
|---|---|---|
| 12 | Plaintiff, | **COMPLAINT FOR:** |
| 13 | v. | **(1) Trademark Infringement in Violation of 15 U.S.C. § 1114;** |
| 14 | KLEIN FOODS, INC. d/b/a RODNEY STRONG VINEYARDS, a California corporation, | **(2) False Designation of Origin in Violation of 15 U.S.C. § 1125(a);** |
| 15 | Defendant. | **(3) Common Law Trademark Infringement and Unfair Competition;** |
| 16 | | **(4) Unfair Competition in Violation of California Bus. & Prof. Code §§ 17200** *et seq.***;** |
| 17 | | **(5) Cancellation of U.S. Trade Trademark Reg. No. 4,847,403, 15 U.S.C. §§ 1064 and 1119** |

24

25

26

27

28

PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff FN Cellars, LLC ("Plaintiff" or "FN Cellars"), by and through its undersigned counsel, complains of defendant Klein Foods, Inc. d/b/a Rodney Strong Vineyards ("Defendant" or "Klein Foods"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for injunctive relief and damages for acts of trademark infringement, false designation of origin and unfair competition engaged in by Klein Foods in violation of the laws of the United States and the State of California, and for cancellation of U.S. Trademark Registration No. 4,847,403 pursuant to 15 U.S.C. §§ 1064 and 1119.

2. In particular, FN Cellars brings this action to address Klein Foods' infringement of its well-known NICKEL & NICKEL trademark for wines, FN Cellars' extremely popular brand of single-vineyard wines.

3. After Plaintiff spent the last fifteen years investing substantial resources in producing, marketing, promoting and selling highly coveted single-vineyard wines under the NICKEL & NICKEL trademark, and after consumers and the trade had long come to recognize the NICKEL & NICKEL trademark and associate it exclusively with Plaintiff, Klein Foods introduced a line of single-vineyard wines under the confusingly similar THREE NICKELS brand name.

4. On information and belief, Klein Foods adopted and began using the THREE NICKELS brand name despite having actual and constructive knowledge of Plaintiff's long-standing prior use and registration of the NICKEL & NICKEL trademark in connection with wines, and with the intent of confusing consumers into believing that its THREE NICKELS brand of single-vineyard wines is somehow associated or affiliated with, or sponsored by, Plaintiff.

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. FN Cellars' claims are brought under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et. seq*., and substantial and related claims under the statutory and common law of the State of California.

6. This Court has personal jurisdiction over Klein Foods because it operates its business within this District, including the complained-of conduct that is the subject of this action.

7. Venue properly lies within this District pursuant to 28 U.S.C. § 1391, and in this Court, because Klein Foods' resides in this District and Plaintiff's claims arose in this District by virtue of the sale, offering for sale, distribution and promotion of wines bearing the infringing THREE NICKELS mark in this District.

**PARTIES**

8. FN Cellars is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at One Acacia Drive, Oakville, California 94562. FN Cellars, together with its affiliates, operates several highly-regarded luxury wineries, including Nickel & Nickel Vineyards, Far Niente Winery, Dolce, En Route, and Bella Union.

9. On information and belief, Klein Foods is a corporation organized and existing under the laws of the State of California with its principal place of business at 11455 Old Redwood Highway, Healdsburg, California 95448.

**INTRADISTRICT ASSIGNMENT**

10. This is an intellectual property action within the meaning of Northern District of California Local Rule 3-2(c) and therefore is not subject to intra-District venue provisions.

**FN CELLARS' USE AND REGISTRATION OF THE
NICKEL & NICKEL TRADEMARK**

11. Plaintiff operates and owns all intellectual property rights associated with Nickel & Nickel Vineyards, a winery located in Oakville, California. For over fifteen years, Plaintiff and its predecessors-in-interest have been producing, promoting, offering for sale, and selling 100 percent varietal, single-vineyard wines produced from grapes from some of the most coveted vineyards in the Napa and Sonoma valleys under the NICKEL & NICKEL brand name.

12. Plaintiff's NICKEL & NICKEL trademark was first used in commerce in 2000, and is the subject of the following U.S. Trademarks Registrations (collectively, the "NICKEL & NICKEL Trademarks"):

| Mark | Class | Goods | Registration No. | Registration Date |
|---|---|---|---|---|
| NICKEL & NICKEL | 33 | Wine | 2,509,413 | November 20, 2001 |
| | 33 | Wine | 2,544,393 | March 5, 2002 |
| NICKEL & NICKEL | 21 | Barware, namely, glasses and corkscrews | 4,266,817 | January 1, 2013 |

True and correct copies of Plaintiff's federal registration certificates for the above-referenced NICKEL & NICKEL Trademarks, along with photographs of examples of Plaintiff's use of the NICKEL & NICKEL Trademarks on its wines and related barware products, are attached hereto as Exhibit A.

13. Each of the NICKEL & NICKEL Trademarks is in full force and effect, and U.S. Trademark Registration Nos. 2,509,413 and 2,544,393 are incontestable pursuant to 15 U.S.C. § 1065.

14. Since introducing the NICKEL & NICKEL brand in 2000, Plaintiff has successfully differentiated its NICKEL & NICKEL wines from other California wines by focusing on the production of 100 percent varietal, single-vineyard wines, a specialized approach to winemaking that Plaintiff believes best expresses the distinct personality of each individual vineyard. Plaintiff's single-vineyard wines consistently receive high praise and ratings from industry publications, such as *Wine Spectator* and *Wine Advocate*, among others.

15. Year in and year out, Plaintiff devotes significant resources to the marketing and promotion of its NICKEL & NICKEL brand wines. For example, Plaintiff maintains a national sales team comprised of a network of regional sales representatives who are each responsible for supporting and promoting the NICKEL & NICKEL brand around the country, as well as a marketing and communications team that actively promotes the brand at a national and local level. In addition, Plaintiff maintains a staff of highly skilled wine-educators and a wine club team who are responsible for educating consumers about NICKEL & NICKEL wines at the Nickel & Nickel Vineyards' hospitality facilities and various offsite events and promotions.

16. Plaintiff's NICKEL & NICKEL wines, which include Cabernet Sauvignon, Chardonnay, Merlot, and Syrah, are distributed throughout the United States through a network of local distributors in each state, and are available for purchase onsite at Nickel & Nickel Vineyards, through Plaintiff's "Wine Club" and ecommerce website (shop.farniente.com/Wines/Nickel-Nickel), and through various independent wine shops, chain retailers, and restaurants.

17. In 2014 alone, Plaintiff sold approximately 32,000 cases of NICKEL & NICKEL brand wines, with gross sales nearing $19 million.

18. Accordingly, in addition to being, in and of itself, inherently distinctive for wines, the NICKEL & NICKEL Trademark has, through extensive sales, promotion and unsolicited media coverage, come to identify Plaintiff as the exclusive source of wines bearing such trademark. As a result of the significant success of Plaintiff's NICKEL & NICKEL wines over the last fifteen years, consumers and the trade immediately identify Plaintiff as the exclusive source of wines sold under the NICKEL & NICKEL Trademark, and the NICKEL & NICKEL Trademark signifies goodwill of substantial and incalculable value.

## KLEIN FOODS' INFRINGING CONDUCT

19. On information and belief, Klein Foods is a winery located in Healdsburg, California, doing business as Rodney Strong Vineyards.

20. On information and belief, Klein Foods is currently, and at all times relevant hereto has been, engaged in the business of producing, promoting, offering for sale, and selling wines under various brand names including RODNEY STRONG, SYMMETRY, and ALEXANDER'S CROWN, among many others.

21. In or around August 2015, Plaintiff learned that Klein Foods had applied to register, on an intent-to-use basis, the mark THREE NICKELS (Serial No. 86/387,704) for wines, and that the Trademark Office had issued a Notice of Allowance with respect to Klein Foods' pending application.

22. On September 2, 2015, Plaintiff's trademark counsel wrote to Klein Foods' trademark counsel to voice Plaintiff's concerns that Klein Foods' use of the THREE NICKELS

- 4 -
PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT

mark for wines would likely cause consumer confusion and/or dilute the distinctive quality of the NICKEL & NICKEL Trademarks, which Plaintiff and/or its predecessors-in-interest have consistently and prominently used for over fifteen years, and to demand that Klein Foods cease all use of, and/or abandon any and all plans to use, the THREE NICKELS mark and abandon and withdraw its pending application (Serial No. 86/387,704) to register the THREE NICKELS mark.

23. Rather than complying with Plaintiff's September 2, 2015 demand, upon receipt of Plaintiff's letter, Klein Foods' trademark counsel hastily filed, that very same day, a Statement of Use with the Trademark Office representing that the THREE NICKELS mark was first used in commerce "at least as early as 08/00/2015." The specimen that Klein Foods submitted in support of its Statement of Use was the following bottle label, which was not shown to be affixed to any wine product:



24. As is evident from the specimen of use Klein Foods submitted in support of its pending application, the THREE NICKELS mark will be used in connection with single-vineyard wines—*i.e.*, the same approach to winemaking that has earned Plaintiff's NICKEL & NICKEL wines acclaim.

25. Thereafter, on November 3, 2015, the Trademark Office issued Klein Foods U.S. Trademark Registration No. 4,847,403 for the THREE NICKELS mark. A true and correct copy of Klein Foods' federal registration certificate for the THREE NICKELS mark is attached hereto as Exhibit B.

26. On information and belief, Klein Foods is and/or plans to distribute its THREE NICKELS wines through the same network of distributors that currently distribute NICKEL & NICKEL wines, and to the same retail accounts that carry NICKEL & NICKEL wines, further

exacerbating the strong likelihood of confusion as between Plaintiff's NICKEL & NICKEL wines and Klein Foods' THREE NICKELS wines, at both the trade and consumer level.

27. On information and belief, at all times relevant hereto Klein Foods had both constructive and actual notice and knowledge of Plaintiff's ownership of the NICKEL & NICKEL Trademarks for wines, as well as Plaintiff's exclusive right to use such marks in connection with wines and the tremendous goodwill associated therewith.

28. On information and belief, Klein Foods is producing, distributing, supplying, advertising, promoting, offering for sale and/or selling, without authorization or license from Plaintiff, wines under the THREE NICKELS mark, which mark is confusingly similar to Plaintiff's NICKEL & NICKEL Trademarks in sound, meaning, appearance and connotation.

29. Rather than going to the effort and expense of developing and creating its own unique, source-identifying brand name, Klein Foods deliberately and knowingly adopted a mark—the THREE NICKELS mark—which is confusingly similar to Plaintiff's well-known NICKEL & NICKEL Trademarks. As a result, the wines offered for sale and sold by Klein Foods under the THREE NICKELS mark are likely to cause consumers to mistakenly believe that such wines are authorized, sponsored, approved, endorsed or licensed by Plaintiff, or are in some other way affiliated, associated, or connected with Plaintiff or the NICKEL & NICKEL brand.

30. On information and belief, Klein Foods intends to continue to design, manufacture, import, export, distribute, supply, advertise, promote, offer for sale and/or sell wines under the confusingly similar THREE NICKELS mark, unless otherwise restrained by this Court.

31. Unless Klein Foods' conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of Plaintiff's NICKEL & NICKEL Trademarks to identify Plaintiff as the exclusive source of wines offered under_ such marks.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement — 15 U.S.C. § 1114)**

32. The allegations set forth in paragraphs 1 through 31 hereof are adopted and incorporated by reference as if fully set forth herein.

33. By the acts alleged herein, Klein Foods is using a mark that is confusingly similar to Plaintiff's NICKEL & NICKEL Trademarks, and has infringed, and will continue to infringe, the NICKEL & NICKEL Trademarks, in violation of 15 U.S.C. § 1114.

34. On information and belief, Klein Foods' use of the THREE NICKELS mark is likely to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Klein Foods' THREE NICKELS brand wines, and/or as to a possible affiliation, connection or association between Plaintiff and Klein Foods' THREE NICKELS brand wines.

35. On information and belief, Klein Foods has acted with knowledge of Plaintiff's ownership and use of the NICKEL & NICKEL Trademarks for wines, and with the deliberate intention to unfairly benefit from the tremendous goodwill associated with the NICKEL & NICKEL Trademarks.

36. Klein Foods' acts constitute willful trademark infringement in violation of 15 U.S.C. § 1114.

37. On information and belief, by its actions, Klein Foods intends to continue and expand its unlawful conduct, and to continue to willfully infringe Plaintiff's NICKEL & NICKEL Trademarks, unless restrained by this Court.

38. On information and belief, by its willful acts, Klein Foods has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

39. Klein Foods' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**(Federal False Designation of Origin and Unfair Competition — 15 U.S.C. § 1125(a))**

40. The allegations set forth in paragraphs 1 through 39 hereof are adopted and incorporated by reference as if fully set forth herein.

41. On information and belief, Klein Foods' THREE NICKELS mark is confusingly similar to the NICKEL & NICKEL Trademarks, and is likely to cause, confusion, mistake and deception among the general consuming public and the trade as to the source of THREE NICKELS

wines, and/or as to a possible affiliation, connection or association between Plaintiff and Klein Foods, or between Plaintiff and Klein Foods' THREE NICKELS brand wines.

42. Klein Foods' conduct, as aforementioned, constitutes a willful false designation of the origin of its THREE NICKELS wines, and/or false and misleading descriptions and representations of fact, in violation of 15 U.S.C. § 1125(a).

43. On information and belief, by its actions, Klein Foods intends to continue to falsely designate the origin of its wines as aforesaid, unless restrained by this Court.

44. On information and belief, by its willful acts, Klein Foods has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

45. Klein Foods' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

46. The allegations set forth in paragraphs 1 through 45 hereof are adopted and incorporated by reference as if fully set forth herein.

47. By deliberately manufacturing, distributing, supplying, promoting, advertising, offering for sale and/or selling wines bearing the THREE NICKELS mark, Klein Foods is deceptively attempting to "pass off" its wine products as those of Plaintiff, or as somehow related to or associated with, or sponsored or endorsed by, Plaintiff, thereby exploiting Plaintiff's reputation and goodwill in the marketplace without Plaintiff's authorization or consent.

48. Klein Foods' acts and conduct is likely to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Klein Foods' wines bearing the THREE NICKELS mark, or as to a possible affiliation, connection or association between Plaintiff and Klein Foods, and/or between Plaintiff and Klein Foods' THREE NICKELS brand wines, in violation of Plaintiff's rights under the common law of the State of California.

49. On information and belief, by its actions, Klein Foods intends to continue its infringing and unfairly competitive acts, unless restrained by this Court.

PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT

50. On information and belief, by its willful acts, Klein Foods has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

51. Klein Foods' acts have damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

52. On information and belief, Klein Foods' conduct was oppressive, fraudulent and malicious, and Plaintiff is thereby entitled to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF

**(California Unfair Competition — Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

53. The allegations set forth in paragraphs 1 through 52 hereof are adopted and incorporated by reference as if fully set forth herein.

54. Klein Foods' aforesaid acts constitute unlawful, unfair, or fraudulent unfair competition in violation of California Business & Professions Code §§ 17200 *et seq*.

55. On information and belief, Plaintiff has standing to assert this claim under California Business & Professions Code §§ 17200 *et seq*. because its monetary and property interests have been damaged by the aforesaid actions of Klein Foods. By way of example, upon information and belief, Plaintiff has lost sales of its NICKEL & NICKEL wines due to Klein Foods' aforesaid conduct, and/or the value of NICKEL & NICKEL Trademark has been diminished by Klein Foods' actions.

56. On information and belief, by its actions, Klein Foods intends to continue its unfairly competitive conduct, unless restrained by this Court.

57. On information and belief, by its willful acts, Klein Foods has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

58. Klein Foods' acts have damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

59. Pursuant to California Business & Professions Code §§ 17200 *et seq.*, Plaintiff is entitled to injunctive relief _and an award of attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**

**(Cancellation of U.S. Trademark Reg. No. 4,847,403 — 15 U.S.C. §§ 1064 and 1119)**

60. The allegations set forth in paragraphs 1 through 59 hereof are adopted and incorporated by reference as if fully set forth herein.

61. Plaintiff filed the application that gave rise to its NICKEL & NICKEL Trademark before Klein Foods' filed its application to register the THREE NICKELS mark and, therefore, Plaintiff's NICKEL & NICKEL Trademark has filing priority over Klein Foods' THREE NICKELS mark.

62. Klein Foods' THREE NICKELS mark is confusingly similar to Plaintiff's NICKEL & NICKEL Trademark, and the goods on which these marks appear—wines—are identical and will be sold through the same channels of distribution.

63. There is a likelihood of confusion between Klein Foods' THREE NICKELS mark and Plaintiff's prior registered NICKEL & NICKEL Trademark, and Klein Foods' later-obtained registration should be cancelled on that basis.

64. The maintenance of Klein Foods' registration of the THREE NICKELS mark for wines would be inconsistent with Plaintiff's prior rights in and to the NICKEL & NICKEL Trademark for wines, and will cause injury and damage to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, FN Cellars demands judgment against Klein Foods as follows:

1. Finding that, (a) as to Count 1, Klein Foods engaged in willful trademark infringement against FN Cellars in violation of 15 U.S.C. § 1114; (b) as to Count 2, Klein Foods engaged in willful false designation of origin and unfair competition as against FN Cellars in violation of 15 U.S.C. § 1125(a); (c) as to Count 3, Klein Foods engaged in willful trademark infringement and unfair competition under the common law of the State of California against FN Cellars; (d) as to Count 4, Klein Foods engaged in willful unfair competition in violation of California Business & Professional Code §§ 17200 *et seq.* against FN Cellars; and (e) as to Count 5,

Klein Foods' U.S. Trademark Registration No. 4,847,403 for the THREE NICKELS mark should be cancelled.

2. That Klein Foods and all of those acting in concert with it, including it agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined from:

(a) Producing, distributing, supplying, advertising, promoting, marketing, offering for sale and/or selling any wine products under the THREE NICKELS mark, or any other mark that is confusingly similar FN Cellars' NICKEL & NICKEL Trademarks, and engaging in any other activity constituting an infringement of any of FN Cellars' rights in and to the NICKEL & NICKEL Trademarks; and

(b) Engaging in any activity constituting unfair competition with FN Cellars, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of design elements and designations associated with FN Cellars.

3. That Klein Foods be required to take such other measures as the Court may deem appropriate to prevent the public from deriving any erroneous impression that wines bearing the THREE NICKELS mark have been manufactured, distributed, supplied, advertised, promoted, marketed, offered for sale and/or sold by FN Cellars, have been authorized by FN Cellars, or are related to or associated in any way with FN Cellars or its NICKEL & NICKEL wines.

4. That Klein Foods be required to recall all wine products, and any advertising and promotional materials, which bear the THREE NICKELS mark, and thereafter to deliver up for destruction all such products and advertising and promotional materials, and any means of making such items.

5. That Klein Foods be directed to file with the Court and serve upon FN Cellars, within thirty (30) days after service of a judgment or order upon Klein Foods, a written report under oath setting forth in detail the manner in which Klein Foods has complied with the requirements set forth above in paragraphs 2 through 4 hereof.

6. That the Court award FN Cellars (a) Klein Foods' profits and FN Cellars' damages to the full extent provided for under 15 U.S.C. § 1117, with any monetary relief to be trebled;

- 11 -
PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT

(b) attorneys' fees and injunctive and other equitable relief, to the full extent provided for by California Business & Professions Code §§ 17200 *et seq.*, to prevent Klein Foods from continuing to engage in the unlawful, unfair, and/or fraudulent business practices alleged herein and from continuing to receive ill-gotten gains therefrom; (c) actual and punitive damages as provided under the common law of the State of California; and (d) FN Cellars' attorneys' fees and litigation-related expenses incurred herein, as an exceptional case under 15 U.S.C. § 1117.

7. That the Court issue an order, certified to the Director of the USPTO, for cancellation of U.S. Trademark Registration No. 4,847,403.

8. That FN Cellars be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Klein Foods.

9. That FN Cellars be awarded its costs.

10. That FN Cellars be awarded such additional and further relief as the Court deems just and proper.

Dated: November 10, 2015          ARNOLD & PORTER LLP

By: _*/s/ Douglas A. Winthrop*_
       DOUGLAS A. WINTHROP

Attorneys for Plaintiff FN CELLARS, LLC, a Delaware limited liability company

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, FN Cellars demands trial by jury of all issues properly triable of right by a jury.

Dated: November 10, 2015

ARNOLD & PORTER LLP

By: _/s/ Douglas A. Winthrop_
DOUGLAS A. WINTHROP

Attorneys for Plaintiff FN CELLARS, LLC,
a Delaware limited liability company

| | |
|---|---|
| 1 | **EXHIBIT A** |
| 2 | |
| 3 | |
| 4 | Int. Cl.: 33 |
| 5 | Prior U.S. Cls.: 47 and 49 |
| 6 | Reg. No. 2,509,413 |
| | United States Patent and Trademark Office    Registered Nov. 20, 2001 |
| 7 | **TRADEMARK** |
| | **PRINCIPAL REGISTER** |
| 8 | |
| 9 | **NICKEL & NICKEL** |
| 10 | |
| 11 | NICKEL & NICKEL VINEYARDS, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)    FIRST USE 4-1-2000; IN COMMERCE 4-1-2000. |
| 12 | 1 ACACIA DRIVE |
| | OAKVILLE, CA 94562    SER. NO. 76-113,283, FILED 8-21-2000. |
| 13 | FOR: WINE, IN CLASS 33 (U.S. CLS. 47 AND 49).    MICHAEL TINYK, EXAMINING ATTORNEY |

Int. Cl.: 33

Prior U.S. Cls.: 47 and 49

**United States Patent and Trademark Office**

Reg. No. 2,544,393
Registered Mar. 5, 2002

**TRADEMARK**
**PRINCIPAL REGISTER**



NICKEL & NICKEL VINEYARDS, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
1 ACACIA DRIVE
OAKVILLE, CA 94562

FOR: WINE, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 4-1-2000; IN COMMERCE 4-1-2000.

THE STIPPLING IN THE DRAWING OF THE MARK IS A FEATURE OF THE MARK AND USED TO INDICATE SHADING.

SER. NO. 76-115,045, FILED 8-23-2000.

MICHAEL TINYK, EXAMINING ATTORNEY

# United States of America
## United States Patent and Trademark Office

# NICKEL & NICKEL

**Reg. No. 4,266,817**  NICKEL & NICKEL VINEYARDS, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
**Registered Jan. 1, 2013**  P.O. BOX 7
OAKVILLE, CA 94562

**Int. Cl.: 21**  FOR: BARWARE, NAMELY, GLASSES AND CORKSCREWS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

**TRADEMARK**  FIRST USE 1-0-2001; IN COMMERCE 1-0-2001.

**PRINCIPAL REGISTER**  THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,503,840, 2,509,413, AND 2,544,393.

SER. NO. 85-464,814, FILED 11-4-2011.

ANDREW LEASER, EXAMINING ATTORNEY





Director of the United States Patent and Trademark Office

- 16 -
PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT

   



**EXHIBIT B**

# United States of America
## United States Patent and Trademark Office

# THREE NICKELS

**Reg. No. 4,847,403**  KLEIN FOODS, INC. DBA RODNEY STRONG VINEYARDS (CALIFORNIA CORPORATION)
11455 OLD REDWOOD HIGHWAY
**Registered Nov. 3, 2015**  HEALDSBURG, CA 95448

**Int. Cl.: 33**  FOR: WINES, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 8-0-2015; IN COMMERCE 8-0-2015.

**TRADEMARK**

**PRINCIPAL REGISTER**  THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 86-387,704, FILED 9-8-2014.

INGA ERVIN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office